**YU | MOHANDESI LLP**

B. Ben Mohandesi (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
Jordan Yu (SBN 227341)
213.377.5502 | jyu@yumollp.com
1055 W. 7th Street, Suite 2150
Los Angeles, CA  90017
213.377.5501 Facsimile

Attorneys for Defendants,
LVNV Funding, LLC and
Weltman, Weinberg & Reis Co., LPA
(erroneously sued as Weltman, Weinberg & Ross)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PASQUALE,<br><br>              Plaintiff,<br><br>     vs.<br><br>LVNV FUNDING, LLC; WELTMAN, WEINBERG & ROSS CO., LPA; and DOES 1 through 25, Inclusive,<br><br>              Defendants. | Case No.:  13-CV-00322 LHK<br><br>**DEFENDANT WELTMAN, WEINBERG & REIS CO., LPA'S ANSWER TO COMPLAINT**<br><br>Compl. Filed:     November 30, 2012<br><br>DEMAND FOR JURY TRIAL |

Defendant Weltman, Weinberg & Reis Co., LPA ("Defendant") (erroneously sued as Weltman, Weinberg & Ross Co., LPA), for itself and for no other party, hereby answers Plaintiff Dana Pasquale's Complaint ("Complaint") as follows:

## INTRODUCTION

1. Answering the first un-numbered paragraph of the Complaint, to the extent any of the allegations pertain to Defendant, Defendant admits that Plaintiff has filed the instant action against Defendant, but denies the remaining allegations.

2. Answering the second un-numbered paragraph of the Complaint, to the extent any of the allegations pertain to Defendant, Defendant denies the allegations.

3. Answering the third un-numbered paragraph of the Complaint, to the extent any of the allegations pertain to Defendant, Defendant admits that Plaintiff has filed the instant action against Defendant, but denies any inference that Defendant violated any statute.

## PARTIES

4. Answering Paragraph 1 of the Complaint, the allegations consist of legal conclusions to which no response is required. Moreover, no response is required because the allegations, to the extent they are factual, do not pertain to Defendant.

5. Answering Paragraph 2 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it engages in debt collection activities.

6. Answering Paragraph 3 of the Complaint, the allegations consist of legal conclusions to which no response is required.

7. Answer Paragraph 4 of the Complaint, there are no factual allegations and no response is required.

## FACTS

8. Answering Paragraph 5 of the Complaint, Defendant denies that it made any calls to Plaintiff using an auto-dialer. Defendant is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

9. Answering Paragraph 6 of the Complaint, Defendant denies violating any laws.

Defendant is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

10. Answering Paragraph 7 of the Complaint, Defendant denies that it made any calls to Plaintiff using an auto-dialer. Defendant is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

11. Answering Paragraph 8 of the Complaint, Defendant is presently without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

12. Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

13. Answering Paragraph 10 of the Complaint, Defendant denies the allegations.

14. Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

15. Answering Paragraph 12 of the Complaint, Defendant denies that it made any calls to Plaintiff using an auto-dialer. Defendant is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

16. Answering Paragraph 13 of the Complaint, to the extent the allegations pertain to Defendant, Defendant denies the allegations.

17. Answering Paragraph 14 of the Complaint, to the extent the allegations pertain to Defendant, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

### Rosenthal Fair Debt Collection Practices Act

Defendant incorporates by reference its responses to Paragraphs 1 through 16 as though fully set forth herein.

18. Answering erroneously numbered Paragraph 10 of the Complaint, Defendant denies the allegations.

19. Answering erroneously numbered Paragraph 11 of the Complaint, Defendant denies

the allegations.

20. Answering erroneously numbered Paragraph 12 of the Complaint, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

### Telephone Consumer Protection Act

21. Answering erroneously numbered Paragraph 13 of the Complaint, Defendant denies the allegations.

22. Answering erroneously numbered Paragraph 14 of the Complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

25. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, and/or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

27. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred in whole or in part because Plaintiff consented, ratified, or acquiesced to all alleged acts or omissions asserted in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

29. Defendant's conduct was privileged and/or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

30. Plaintiff fails to allege facts sufficient for injunctive or equitable relief against Defendant.

**NINETH AFFIRMATIVE DEFENSE**

31. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

32. Plaintiff provided prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

**ELEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff had an existing business relationship with Defendant for purposes of the TCPA.

**TWELFTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

37. Defendant specifically denies that it acted with any willfulness, oppression, fraud or

– 5 –

malice towards Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

38. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### SEVENTEENTH AFFIRMATIVE DEFENSE

39. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

40. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

41. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

42. Defendant reserves the right to compel arbitration to the extent available by contract.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

43. Defendant is entitled to a set-off against any award to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

44. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;

3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

DATED: March 1, 2013.

                      YU MOHANDESI LLP

                      By  */s/ B. Ben Mohandesi*
                          B. Ben Mohandesi
                          Jordan Yu
                          Attorneys for Defendant
                          Weltman, Weinberg & Reis Co. LPA

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury in this action.

DATED: March 1, 2013.

                      YU MOHANDESI LLP

                      By  */s/ B. Ben Mohandesi*
                          B. Ben Mohandesi
                          Jordan Yu
                          Attorneys for Defendant
                          Weltman, Weinberg & Reis Co. LPA

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 1055 W. 7th Street, Suite 2150, Los Angeles, CA 90017. On March 1, 2013, I served the following document(s) by the method indicated below:

**WELTMAN, WEINBERG & REIS CO. LPA'S ANSWER**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

COUNSEL FOR PLAINTIFF

Miguel Soto
Law Office of Miguel Soto
1400 Coleman Ave., Ste. D12-1
Santa Clara, CA 95050

I declare under penalty of perjury under the laws of California and the United States that the above is true and correct. Executed on March 1, 2013, at Los Angeles, California.

_____
Ben Mohandesi

– 8 –

DEFENDANT WELTMAN, WEINBERG & REIS CO., LPA'S
ANSWER TO COMPLAINT